UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ESTATE OF ALEX DUPIGNY<br>by PATRICE SMITH and<br>EUNICE DUPIGNY, Co-Personal<br>Representatives,<br><br>Plaintiffs,<br><br>v.<br><br>PRINCE GEORGE'S COUNTY,<br>MARYLAND, et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 05-2262 (PLF) |

## MEMORANDUM OPINION

This matter is before the Court on a Motion to Dismiss by defendants Town of Cheverly, Maryland, and Town of Cheverly Mayor Julia Ann Mosley, and a Motion to Dismiss or, in the Alternative, for a Change of Venue by defendants Prince George's County, Maryland, Prince George's County Executive Jack Johnson and Prince George's County Chief of Police Melvin C. High. Having considered the motions, plaintiffs' oppositions, and the record in this case, the Court declines to dismiss the case but will transfer this action to the United States District Court for the District of Maryland.

Plaintiffs represent the estate of Alex Dupigny. Plaintiffs allege that on or about November 3, 2004, Alex Dupigny was carjacked and shot in both legs while in Cheverly, Maryland, on business. Amended Complaint ("Am. Compl.") ¶¶ 10-11. Mr. Dupigny sought help from residents of a nearby apartment after he was shot. Id. ¶ 12. Plaintiffs allege that after

Cheverly Police and Prince George's County, Maryland emergency workers were summoned, Cheverly Police Corporal W. Seekford entered the apartment where Mr. Dupigny had taken refuge, drew his weapon, ordered the residents to stop assisting Mr. Dupigny and further ordered them to move away from him.  Id. ¶¶ 13,15.  Plaintiffs allege that Corporal Seekford allowed Mr. Dupigny to continue bleeding, and that after Mr. Dupigny was taken to a nearby hospital he died from the loss of blood as the result of injuries suffered in the shooting.  Id. ¶¶ 16-17.

Plaintiffs bring claims against Prince George's County, Maryland; Prince George's County Executive Jack Johnson; the Town of Cheverly, Maryland; Cheverly Mayor Julia Ann Mosley; Cheverly Police Corporal W. Seekford; and Prince George's County Chief of Police Melvin C. High; Seekford and High are sued in both their official and individual capacities.  Plaintiffs seek damages for alleged civil rights violations, negligence, wrongful death, and negligent hiring and training under the Fourth, Fifth and Fourteenth Amendments, 42 U.S.C. §§ 1983 and 1988 and 18 U.S.C. § 245.  They also bring a claim for wrongful death under D.C. Code §16-2701 et seq., and common law claims for assault and battery and intentional infliction of emotional distress.

Defendants Town of Cheverly and Mayor Julia Ann Mosley move to dismiss the case for lack of personal jurisdiction.  Defendants Prince George's County, Prince George's County Executive Jack Johnson, and Prince George's County Chief of Police Melvin C. High move to dismiss the case for lack of personal jurisdiction or, in the alternative, to transfer the case to the District of Maryland, the district in which the defendants reside and where the incidents occurred.

2

In a civil action where the Court's jurisdiction is not based solely on diversity of citizenship, as in this case, venue is proper in:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b). Under these criteria, venue is not proper in this district. It appears that none of the defendants resides in the District of Columbia; they reside in Maryland.[1] Indeed, one is a county in Maryland, one is a town in Maryland, and all of the others are county or town officials in Maryland. All of the events appear to have occurred in Maryland, and there is a judicial district in which this action could be brought, namely, the District of Maryland. Because a substantial part of the events or omissions giving rise to plaintiff's claims (if not all of them) occurred in Maryland, this case should be transferred to the District of Maryland.

In a case filed in a jurisdiction in which venue is improper, the Court may dismiss the action, or, in the interest of justice, may transfer the action to any other district where it could have been brought. 28 U.S.C. § 1406(a). The decision whether to dismiss or transfer the action in the interest of justice is left to the discretion of the Court. See Novak-Canzeri v. Saud, 864 F.Supp. 203, 207 (D.D.C. 1993). The Court may transfer an action even if it lacks personal jurisdiction over the defendants. Naartex Consulting Corp. v. Watt, 722 F.2d 779, 789 (D.C. Cir.

---

[1]     It is unknown where Corporal W. Seekford resides. In addition, the first paragraph of the amended complaint (but not the caption) lists as a defendant "Corporal Brian Seekford." Since neither plaintiffs nor defendants mention a Brian Seekford in the body of any filings with the Court, the Court therefore will assume that plaintiffs meant this to be the same person as W. Seekford, whose place of residence is not known and is not alleged.

1983), cert. denied, 467 U.S. 1210 (1984).  In the interest of justice, the Court will transfer this

action to the United States District Court for the District of Maryland,  the district in which the

events giving rise to plaintiff's claims occurred and in which venue is proper.

An Order consistent with this Memorandum Opinion will be issued separately on this

same date.

/s/ _____
PAUL L. FRIEDMAN
United States District Judge

DATE: August 18, 2006

4