```
              IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF MARYLAND

                                  :
ESTATE OF ALEX DUPIGNY, ET AL.
                                  :

     v.                           :    Civil Action No. DKC 2006-2278

                                  :
PRINCE GEORGES COUNTY,
  MARYLAND, ET AL.                :
```

**MEMORANDUM OPINION**

Presently pending and ready for resolution is the motion of Officer William Seekford to stay this action while he is deployed overseas as a member of the Maryland National Guard. No hearing is deemed necessary. Local Rule 105.6. The motion will be granted.

The Soldiers and Sailors Civil Relief Act, 50 U.S.C. §§ 522, provides:

> (a) Applicability of section
>
> This section applies to any civil action or proceeding in which the plaintiff or defendant at the time of filing an application under this section–
>
> (1) is in military service or is within 90 days after termination of or release from military service; and
>
> (2) has received notice of the action or proceeding.
>
> (b) Stay of proceedings
>
> (1) Authority for stay
>
> At any stage before final judgment in a civil action or proceeding in which a servicemember described in subsection (a) is a party, the court may on its own motion and shall, upon application by the servicemember, stay the

>    action for a period of not less than 90 days,
>    if the conditions in paragraph (2) are met.
>
>    (2) Conditions for stay
>
>    An application for a stay under paragraph (1)
>    shall include the following:
>
>    (A) A letter or other communication setting
>    forth facts stating the manner in which
>    current military duty requirements materially
>    affect the servicemember's ability to appear
>    and stating a date when the servicemember will
>    be available to appear.
>
>    (B) A letter or other communication from the
>    servicemember's commanding officer stating
>    that the servicemember's current military duty
>    prevents appearance and that military leave is
>    not authorized for the servicemember at the
>    time of the letter.

Officer Seekford has complied with part of the requirements for obtaining a stay, namely a communication stating that his current military duty will materially affect his ability to appear. Neither the motion nor the attachments, however, indicate a "starting date when the servicemember will be able to appear." When asked for such an indication, counsel for Officer Seekford states that such information is unknown, but will be provided when available. The Orders attached to the motion do appear to have a period of active duty that has been redacted.

Accordingly, the court will grant the stay for a period of one year or until 90 days after Officer Seekford returns from his overseas deployment or is discharged as an active member of the United States Military, whichever first occurs. Officer Seekford

can seek an extension of the stay under Section (d)(1) if necessary. Counsel for Officer Seekford will be directed to notify the court when Officer Seekford returns so that a new schedule can be put in place. In the meantime, the case will be closed administratively, but will be reopened when the stay is lifted.

                                                                                                                       /s/
                                                  DEBORAH K. CHASANOW
                                                  United States District Judge